I KUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :

UNITED STATES OF AMERICA

                                                        :    PRELIMINARY ORDER OF
            - v. -                                                FORFEITURE AS TO
                                                        :    MONEY JUDGMENT

EUGENE WILLIAM AUSTIN, JR.,
                                                        :    23 Cr. 508 (PKC)

      a/k/a "Hugh Austin,"

                                                        :

                 Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about October 4, 2023, EUGENE WILLIAM AUSTIN, JR. (the "Defendant"), was charged in an Indictment, 23 Cr. 508 (PKC) (the "Indictment"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Two); and conspiracy to commit interstate transportation of stolen property, in violation of Title 18, United States Code, Section 371 (Count Three);

        WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Three of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Three of the Indictment;

        WHEREAS, the Indictment included a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property involved in the commission of the offense charged in Count Two of the Indictment;

WHEREAS, on or about September 24, 2024, following a jury trial, the Defendant was found guilty of Counts One through Three of the Indictment;

WHEREAS, the Government asserts that $6,062,564 in United States currency represents the proceeds traceable to the commission of the offenses charged in Counts One and Three of the Indictment, that the Defendant personally obtained and/or property involved in Count Two of the Indictment;

WHEREAS, the Government seeks the entry of a money judgment in the amount of $6,062,564 in United States currency representing the amount of proceeds traceable to the offense charged in Counts One and Three of the Indictment that the Defendant personally obtained; and property involved in the offense charged in Count Two of the Indictment, (i) for which the Defendant is jointly and severally liable with his co-conspirator, Charles Constant, and the forfeiture money judgment entered against him in *United States v. Charles Constant*, 23 Cr. 379 (PKC); and (ii) $2,145,000 of which the Defendant is jointly and severally liable with his co-conspirator Brandon Austin and the forfeiture money judgment entered against him in *United States v. Brandon Austin*, 23 Cr. 199 (PKC); and

WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in in Counts One and Three of the Indictment that the Defendant personally obtained and property involved in Count Two of the Indictment, cannot be located upon the exercise of due diligence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One and Three of the Indictment, to which the Defendant was found guilty, following a jury trial, a money judgment in the amount of $6,062,564 in United States currency (the "Money Judgment"), representing the

amount of proceeds traceable to the offense charged in Counts One and Three of the Indictment that the Defendant personally obtained and property involved in the offense charged in Count Two of the Indictment, (i) for which the Defendant is jointly and severally liable with his co-conspirator, Charles Constant, and the forfeiture money judgment entered against him in *United States v. Charles Constant*, 23 Cr. 379 (PKC); and (ii) $2,145,000 of which the Defendant is jointly and severally liable with his co-conspirator Brandon Austin and the forfeiture money judgment entered against him in *United States v. Brandon Austin*, 23 Cr. 199 (PKC), shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, EUGENE WILLIAM AUSTIN, JR. and shall be deemed part of the sentence of the Defendant and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Customs and Border Protection or its designee the Office of Fines, Penalties, and Forfeiture is authorized to deposit the payments on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.   Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.   The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____           4-23-25
HONORABLE P. KEVIN CASTEL              DATE
UNITED STATES DISTRICT JUDGE